**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| **v.** § | **CRIMINAL NO. 6:25-CR-047-ADA** | |
| § | | |
| **KENNETH JACKSON** § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession with Intent To Distribute Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. 841 (a)(1), 21 U.S.C. 841 (b)(1)(iii), and 18:2. The Defendant was sentenced to one hundred and eighty (180) months imprisonment, followed by an eight (8) year term of supervised release, and $100 special assessment. Defendant was released to supervision on February 16, 2022.

On March 25, 2025, the Defendant appeared for a hearing on a different petition for revocation of his supervised release. At that time, the Court continued Mr. Jackson on supervised

release. The Court also recommended that the Defendant attend substance abuse treatment as determined by his probation officer.

On April 23, 2025, less than two months after his previous revocation hearing, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. On May 13, 2025, the Probation Office filed an Amended Petition, alleging that the Defendant violated the terms of his supervision. The petition alleged that the Defendant violated the terms of his supervision in the following ways:

> **Violation Number 1:** The defendant violated mandatory condition number 2, which states the defendant shall not unlawfully possess a controlled substance.
>
> **Violation Number 2:** The defendant violated standard condition number 11, which states the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
>
> **Violation Number 3:** The defendant violated mandatory condition number 1, in that on or about April 17, 2025, in the Western District of Texas the defendant unlawfully, knowingly, and intentionally did possess with intent to distribute a controlled substance, which offense involved at least 500 grams of a mixture of substance containing methamphetamine, a Schedule II Controlled Substance in violation of 21 U.S.C. 841 (a)(1) and 841 (b)(1)(A)(viii).

On May 19, 2025, the Court held a hearing on the petition. At that hearing, the Defendant plead TRUE as to violation numbers 1, 2, and 3. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea of TRUE as to the allegations underlying violations 1, 2, and 3.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's plea of TRUE to violation numbers 1, 2, and 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that the Defendant be sentenced to twenty-seven (27) months imprisonment to run consecutively with any underlying federal charges with no term of supervised release to follow and that he be given credit for the time he has been in custody.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of May, 2025.

DEREK T. GILLILAND  
UNITED STATES MAGISTRATE JUDGE